UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEX BLAXON,<br><br>      Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, *et al.*,<br><br>      Defendants. | Case No. 2:23-cv-02145-RFB-BNW<br><br>**SCREENING ORDER**<br>**FOR FIRST AMENDED COMPLAINT**<br><br>[ECF No. 9] |

Plaintiff Alex Blaxon ("Plaintiff"), who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil-rights complaint ("FAC") under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF Nos. 6, 9). Because the Court finds that Plaintiff is unable to prepay the full filing fee in this action, the Court grants his application to proceed *in forma pauperis*. (ECF No. 6). The Court now screens Plaintiff's FAC under 28 U.S.C. § 1915A.

I.  **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901

F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. Id. at 723–24. In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying [allegations] that, because

they are no more than mere conclusions, are not entitled to the assumption of truth." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." <u>Id.</u> "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. <u>Id.</u> "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable—like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist—as well as claims based on fanciful factual allegations like fantastic or delusional scenarios. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327–28 (1989).

**II.    SCREENING OF FAC**

In his FAC, Plaintiff sues multiple Defendants for events that took place while he was detained at Clark County Detention Center ("CCDC").[1] Plaintiff sues Defendants Officer Shipton, Officer Taylor, and Officer Chandler. Plaintiff brings two claims and seeks monetary relief.

Plaintiff alleges the following. Between December 1 and December 28, 2022, Plaintiff filed a Prison Rape Elimination Act ("PREA") complaint. Because of the PREA complaint, Officer Taylor vindictively strip-searched Plaintiff, touching his genitals during the search. Afterwards, Officer Shipton told Plaintiff that he was going to rape him for filing the PREA complaint. Plaintiff reported this threat to Officer Chandler, but he failed to do anything.

Based on these allegations, Plaintiff alleges the Defendants vindictively executed a strip-search and retaliated against him afterwards. The Court liberally construes the FAC as bringing claims based on two different theories of liability: Fourth Amendment strip-search claim and First Amendment retaliation claim. The Court will address each theory and any other issues in turn.

---

[1] Plaintiff is currently incarcerated at High Desert State Prison. (ECF No. 9 at 1).

### A.     Fourth Amendment Strip-Search Claim

Generally, strip-searches do not violate the Fourth Amendment rights of inmates. See Michenfelder v. Sumner, 860 F.2d 328, 332–33 (9th Cir. 1988). However, strip-searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may be unconstitutional. Id. at 332. Although pretrial detainees retain some Fourth Amendment rights upon commitment to a corrections facility, the Fourth Amendment only prohibits unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." Id. at 559. In each case, a court must (1) balance the need for the particular search against the invasion of personal rights that the search entails; (2) consider the scope of the particular intrusion; (3) consider the manner in which the search is conducted; (4) consider the justification for initiating the search, and (5) consider the place in which the search is conducted. Id. Courts also consider the existence of a "valid, rational connection between the [jail] regulation and the legitimate governmental interest put forward to justify it"; "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of [jail] resources generally"; and "the existence of obvious, easy alternatives" as evidence that the regulation "is an 'exaggerated response' to [jail] concerns." Bull v. City & Cty. of San Francisco, 595 F.3d 964, 973 (9th Cir. 2010) (citing Turner v. Safley, 482 U.S. 78, 89–91 (1987)).

The Court finds that Plaintiff states a colorable strip-search claim on screening. Liberally construing the allegations of the FAC, Officer Taylor vindictively conducted a strip-search of Plaintiff because he filed a PREA complaint, not for a legitimate reason. These allegations are sufficient on screening to state a colorable claim against Taylor.

### B.     Retaliation Claim

Inmates have a First Amendment right to file grievances and to pursue civil rights litigation in the courts. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy [jail]

injustices. And because purely retaliatory actions taken against [an inmate] for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." Id. To state a viable First Amendment retaliation claim in the jail context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that [inmate's] protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. at 567–68. Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Id. at 568–69. A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm that is more than minimal. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

The Court finds that Plaintiff states a colorable retaliation claim on screening. Plaintiff alleges that Officer Taylor, Officer Shipton, and Officer Chandler retaliated against him for filing a PREA complaint. First, Officer Taylor conducted a vindictive strip-search. Second, Officer Shipton threatened to rape Plaintiff. Finally, Officer Chandler did nothing when Plaintiff reported Officer Shipton's threat. The Court finds that these actions could arguably chill an inmate of ordinary firmness from future First Amendment activities and do not appear to have legitimate correctional goals. See Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009) (holding that a threat of retaliation is sufficient to constitute an adverse action if the threat is made in retaliation for an inmate's use of the grievance procedures). Therefore, this claim will proceed against Defendants Taylor, Chandler, and Shipton.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that under 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Alex Blaxon, 1267286** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

**IT IS FURTHER ORDERED** that the FAC is the operative complaint (ECF No. 9). The Clerk of the Court shall send Plaintiff a courtesy copy of it.

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Amendment strip-search claim will proceed against Defendant Taylor.

**IT IS FURTHER ORDERED** that Plaintiff's First Amendment retaliation claim will proceed against Defendants Taylor, Chandler, and Shipton.

The Court requests that Defendants Taylor, Chandler, and Shipton waive service of summons and of the FAC by executing, or having counsel execute, a Waiver of Service of Summons. *See* Fed. R. Civ. P. 4(d). Such Waiver must be filed with the Court within 30 days of the issuance of this order. If these Defendant(s) choose to return the Waiver of Service of Summons, their answer or other appropriate response to the FAC (ECF No. 9) will be due within 60 days of the issuance of this order. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii); *see also* 42 U.S.C. § 1997e(g)(2).

///
///
///
///
///

The Court instructs the Clerk's Office to mail one copy of the following documents to Defendants Taylor, Chandler, and Shipton:

    a. the FAC (ECF No. 9); and

    b. this order which includes the Notice of Lawsuit and Request to Waive Service of Summons; and the Waiver of Service of Summons form.

**DATED:** December 12, 2024



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEX BLAXON,<br><br>       Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, et al.,<br><br>       Defendants. | Case No. 2:23-cv-02145-RFB-BNW<br><br>**RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS** |

TO:   Defendant(s) Taylor, Chandler, and Shipton____
         c/o Las Vegas Metropolitan Police Department
         400 S. Martin Luther King Blvd., Bldg. B
         Las Vegas, NV 89106

A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above. A copy of the FAC (ECF No. 9) is attached. This is not a summons or an official notice from the Court. It is a request that—to avoid the cost of service by the United States Marshals Service—Defendant(s) waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, Defendant(s) must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendant(s) were served on the date the waiver is filed, but no summons will be served, and Defendant(s) will have 60 days from the date this notice is sent to answer the FAC. If Defendant(s) do not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and FAC on Defendant(s) and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

Dated: December 12, 2024

_____
United States District Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and FAC.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEX BLAXON,<br><br>    Plaintiff,<br><br>v.<br><br><br>THE STATE OF NEVADA, et al.,<br><br>    Defendants. | Case No. 2:23-cv-02145-RFB-BNW<br><br>**RULE 4 WAIVER OF SERVICE OF SUMMONS** |

TO:    The United States District Court for the District of Nevada

The following Defendant(s) acknowledge receipt of your request to waive service of summons in this case. Defendant(s) also received a copy of the FAC (ECF No. 9). I am authorized by the following Defendant(s) to agree to save the cost of service of a summons and an additional copy of the FAC in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:

_____;    _____;

_____;    _____;

_____;    _____;

_____;    _____;

The above-named Defendant(s) understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service. Defendant(s) also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver

of Service of Summons was filed and that default judgment will be entered against them if they fail to do so.

Date: _____

_____
(Signature of the attorney or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)